1

2

3                                                    O

4                                        JS - 6

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  CELESTIAL INC.,                )   Case No. CV 12-00145 DDP (SSx)
                                    )
12          Plaintiff,             )   **ORDER DISMISSING CASE FOR LACK OF**
                                    )   **PERSONAL JURISDICTION**
13      v.                          )
                                    )
14  SWARM SHARING HASH              )
    8AB508AB0F9EF8B4CDB14C6248F3    )
15  C96C65BEB882 ON NOVEMBER 28,    )
    2011,                           )
16                                  )
            Defendants.             )
17  _____ )

18

19      On March 23, 2012, the court issued an Order Denying

20  Plaintiff's Motion for Leave to Take Early Discovery, and to Show

21  Cause Why This Matter Should Not Be Dismissed for Lack of Personal

    Jurisdiction ("Order").  Plaintiff filed a Response to the Order to

22  Show Cause on March 29, 2012.  Having reviewed Plaintiff's

23  Response, the court finds that it lacks personal jurisdiction and

24  therefore dismisses the action with prejudice.

25      The court will not repeat the entire factual background, set

26  forth in its prior Order.  As the court then explained, Plaintiff's

27  Complaint alleges two bases for personal jurisdiction: 1) "'[g]eo

28  locating tools' have placed the IP addresses of the Doe Defendants

1   in California"; and 2) Plaintiff's copyrighted "film displays 'the

2   title of the work, the name of the producer, and the Woodland

3   Hills, California address of the producer." (Order at 4.)  The

4   court concluded, however, that Defendants' first allegation failed

5   to establish personal jurisdiction, because Celestial expressly

6   declined to "make any representations as to the reliability or

7   level of accuracy of IP address geo-location tools," and provided

8   no "details regarding the tools used or the results." (Id.)

9   Likewise, the court found Plaintiff's allegation that the film

10  displays the producer's California address insufficient, on its

11  own, to demonstrate that "Defendants expressly aimed their tortious

12  acts against a California company," as required for specific

13  jurisdiction under the Calder effects test. (Id. at 5.)  See

14  Calder v. Jones, 465 U.S. 783 (1984).

15      In its Response to the court's Order to Show Cause, Plaintiff

16  provides no additional information to show, and does not appear to

17  seriously contend, that it can satisfy the Calder effects test.

18  Instead, Plaintiff focuses again on its alleged use of geolocation

19  tools to place Doe Defendants' IP addresses in California, with a

20  new Declaration from the company that Plaintiff hired to

21  investigate the alleged infringement.  The Declaration adds to the

22  analysis: 1) the name of the geolocation tool used; 2) the

23  investigating company's claim that it "is able to sort all IPs

24  captured by state to be able to only use the data belonging to a

25  state requested and believe[s] that in the majority of cases [its]

26  geolocation tools will accurately reflect the state in which an IP

27  address may be found"; and 3) one website's assessment of the

28  reliability of geolocation tools in general, with which the

1   Declarant "generally concur[s]."  In full, the website assessment

2   reads:

>       Determining the nation of an Internet user based on his or
>       her IP address is relatively simple and accurate (95%-99%
>       percent) because a country name is required information
>       when an IP range is allocated and IP registrars supply that
>       information for free.
>
>       Determining the physical location down to a city or ZIP
>       code, however, is more difficult and less accurate because
>       there is no official source for the information, users
>       sometimes share IP addresses and Internet service providers
>       often base IP addresses in a city where the company is
>       basing operations.
>
>       Accuracy rates on deriving a city from an IP address
>       fluctuate between 50 and 80 percent, according to DNS
>       Stuff, a Massachusetts-based DNS and networking tools firm.
>
>       Even when not accurate, though, geolocation can place users
>       in a bordering or nearby city, which may be good enough for
>       the entity seeking the information.  This happens because
>       a common method for geolocating a device is referencing its
>       IP address against similar IP addresses with already known
>       locations.

15   (Decl. at 2-3.)

16       The court finds these additional allegations insufficient to

17   establish personal jurisdiction.  Even taking the allegations as

18   true, Plaintiff has only shown personal jurisdiction to be somewhat

19   more likely than not.  The investigating company makes the

20   conclusory claim that it believes it can correctly identify the

21   state where an IP address is located in the "majority" of cases.

22   Likewise, the referenced website claims that geolocation beyond the

23   national level is "more difficult and less accurate," with accuracy

24   rates between 50 and 80 percent at the municipal level, and perhaps

25   somewhat higher at the state level.  To put it another way, based

26   on Plaintiff's own reliability claims, there may still be a 20 to

27   50 percent chance that this court lacks jurisdiction.

28

1    Further, given the Doe Defendants' inability to contest
2  Plaintiff's jurisdictional claims, the court finds the generalized
3  and conclusory nature of the allegations particularly concerning.
4  Again, having previously declined to make any representations as to
5  the accuracy of geolocation tools, Plaintiff still goes no further
6  than to "generally concur" with one website's general assessment of
7  geolocation tools, which itself cites to another firm for the only
8  accuracy rates provided.  Equally, the investigating company's one-
9  sentence accuracy statement is conclusory and vague, expressing the
10 company's unsubstantiated belief in state-level accuracy an
11 unspecified majority of the time.  Indeed, despite this court's
12 suggestion in its Order to Show Cause, Plaintiff has again failed
13 to provide any test results or details regarding the specific
14 geolocation tool that it used.

15    Finally, Plaintiff argues that it is "simply premature to
16 fully analyze the issue of personal jurisdiction," and that the
17 "court must allow jurisdictional discovery."  Plaintiff also
18 contends that the only way to move forward on either front is for
19 the court to authorize Plaintiff to subpoena Doe Defendants'
20 identities and addresses from the relevant Internet service
21 providers.  (See Response at 4 ("[Personal jurisdiction] cannot be
22 determined until Plaintiff identifies the Doe Defendants and names
23 them in an amended complaint."); id. at 9 ("[I]dentifying the name
24 and address of the Internet subscriber will likely resolve the
25 question of . . . personal jurisdiction . . . .").)

26    The court disagrees.  As discussed, Plaintiff could have
27 provided actual test results and details specific to its
28 geolocation tools.  If necessary and available, Plaintiff might

1   also have used more reliable technology.  However, even if the most

2   advanced geolocation tools were simply too unreliable to adequately

3   establish jurisdiction, the court could not set aside

4   constitutional concerns in favor of Plaintiff's desire to subpoena

5   the Doe Defendants' identifying information.  Again, it is the

6   First Amendment that requires courts to ensure complaints like this

7   one would at least survive a motion to dismiss, before the court

8   authorizes early discovery to identify anonymous internet users.

9        For all the reasons discussed, the court again finds that

10  Plaintiff's Complaint would not survive a motion to dismiss for

11  lack of jurisdiction.  Because Plaintiff has now also failed to

12  make an adequate jurisdictional showing in response to the court's

13  Order to Show Cause, the court finds that it lacks jurisdiction

14  over this action and dismisses it with prejudice.

15

16  IT IS SO ORDERED.

17

18

19  Dated: May 1, 2012

20                                  DEAN D. PREGERSON
                                    United States District Judge

21

22

23

24

25

26

27

28